IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CODY ADAMS AND WILLIE RICH, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) ) | NO. 19-cv- |
| Plaintiffs, | ) ) | **District Judge** |
| v. | ) ) ) | Magistrate Judge |
| STANLEY STEEMER INTERNATIONAL, INC. | ) ) ) ) | *JURY DEMAND* |
| Defendant | ) ) | |

## COMPLAINT

NOW COME Plaintiffs, **CODY ADAMS AND WILLIE RICH,** on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Complaint against Defendant, **STANLEY STEEMER INTERNATIONAL, INC.,** states as follows:

**I.     NATURE OF ACTION**

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq,* and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**II.     JURISDICTION AND VENUE**

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claim, Cook County statutory claim and Chicago municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and

were each a resident of this district and Defendant is or was engaged in business in this district.

### III.    THE PARTIES

3.    Defendant, **STANLEY STEEMER INTERNATIONAL, INC.,** provides carpet/floor cleaning and restoration services to customers and has various locations in the Chicagoland area and the Northern District of Illinois. Defendant **STANLEY STEEMER INTERNATIONAL INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203.  During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.    Plaintiff, **WILLIE RICH** (hereinafter referred to as "Plaintiff" or "the named Plaintiff")**,** is a current employee who has worked for Defendant since approximately 2013 and performed cleaning services for Defendant at multiple locations, including the Bolingbrook, Palatine, Orland Park and Chicago branches. The named Plaintiff was compensated at varying hourly rates of pay and worked over 40 hours per week including some work at the start and end of his shift that was not recorded or accounted for by Defendant's time keeping system (hereinafter referenced as "work off the clock"). Some of the work off the clock performed by Plaintiff should have been compensated at Plaintiff's overtime rate of pay.

5.    Plaintiff,  **CODY ADAMS,** (hereinafter referred to as "Plaintiff" or "named Plaintiff")**,** is a former employee who has worked for Defendant from approximately September 2, 2015 to June 19, 2019 and performed cleaning services for Defendant at its Orland Park and Chicago branches. The named Plaintiff was compensated at varying hourly rates of pay and worked over 40 hours per week including some work at the start and end of his shift that was not recorded or accounted for by Defendant's time keeping system

(hereinafter referenced as "work off the clock"). Some of the work off the clock performed by Plaintiff should have been compensated at Plaintiff's overtime rate of pay.

6.      All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant at one or more of the branch offices referenced above and were paid hourly and also performed work off the clock at the start and at the end of their shifts as described above.  As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

7.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8.      Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.  Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Cook County Minimum Wage Ordinance

9.      Pursuant to the Cook County Minimum Wage Ordinance ("CCMWO"), Municipal Code of Cook County § 42-11, Count V of this action is brought by Plaintiffs to

recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the CCMWO are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

10.     Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiffs herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

11.     Plaintiffs, at all times pertinent to the cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

12.     During Plaintiffs' respective employments, Defendant paid Plaintiffs on an hourly basis at different rates of pay depending on the type of job assigned or duty performed.

13.     Plaintiff Rich has been employed by Defendant since approximately 2013. Plaintiff Rich performs carpet cleaning duties for Defendant. For a brief period during his employment, Plaintiff Rich spent some of his time performing dispatching duties in addition to his cleaning duties.

14.     Plaintiff Rich worked at least five (5) days per week, but often worked six (6) and sometimes seven (7) days per week.

15.     Plaintiff Rich almost always worked in excess of forty (40) hours in a work week.

16.     During his entire tenure with Defendant at each of the three (3) Chicagoland branches at which he worked, Plaintiff Rich was required to report to work in the morning and specifically instructed by Defendant's management employees to perform duties prior to clocking in, therefore performing work off the clock without pay all to the benefit of the Defendant. During his morning work off the clock, Plaintiff Rich was required to prepare the truck and cleaning materials for the day and attend daily staff meetings prior to clocking in, as well as additional duties outlined below.

17.     Additionally, Plaintiff Rich was required to, as instructed by Defendant's management employees, perform work off the clock in the afternoons and evenings after his shift. During this time, Plaintiff Rich was required to clean the vehicles, restock supplies and materials and perform safety inspections, as well as additional duties outlined below.

18.     Lastly, Plaintiff Rich was not paid for time spent traveling mid-shift between businesses and residences that he was scheduled to clean on a particular day in violation of the Portal-to-Portal Act.

19.     Plaintiff Adams was employed by Defendant from approximately September 2, 2015 to June 19, 2019. Plaintiff  Adams performed carpet cleaning duties for Defendant.

20.     Plaintiff Adams worked at least five (5) days per week, but often worked six (6) and sometimes seven (7) days per week.

21.     Plaintiff Adams almost always worked in excess of forty (40) hours in a work week.

22.     During his entire tenure with Defendant at each of the two (2) Chicagoland branches at which he worked, Plaintiff Adams was required to report to work in the morning and specifically instructed by Defendant's management employees to perform duties prior to clocking in, therefore performing work off the clock without pay all to the benefit of the Defendant. During his morning work off the clock, Plaintiff Adams was

5

required to prepare the truck and cleaning materials for the day and attend daily staff

meetings prior to clocking in, as well as additional duties outlined below.

23.     Additionally, Plaintiff Adams was required to, as instructed by Defendant's

management employees, perform work off the clock in the afternoons and evenings after his

shift. During this time, Plaintiff Adams was required to clean the vehicles, restock supplies

and materials and perform safety inspections, as well as additional duties outlined below.

24.     Further, Plaintiff Adams was not paid for time spent traveling mid-shift

between businesses and residences that he was scheduled to clean on a particular day in

violation of the Portal-to-Portal Act.

25.     The named Plaintiffs, and members of the described Plaintiff class, were

required and specifically instructed by Defendant's management employees to report to

work in the morning and perform duties prior to clocking in, therefore performing work off

the clock without pay all to the benefit of the Defendant. The named Plaintiffs, and

members of the Plaintiff Class as described, were required to perform the following duties,

although not limited to, in the mornings and afternoons before Defendant started and after

Defendant stopped recording compensable work time:

    a)  Preparing the service truck for the day's schedule;

    b)  Stocking products including inventorying of chemicals;

    c)  checking cleaning equipment and making repairs and adjustments as necessary;

    d) unloading equipment;

    e) washing/cleaning service truck;

    f) inspecting service trucks;

    g) completing various required paperwork;

    e) other miscellaneous tasks on an as needs basis.

26.     Additionally, during unpaid meal breaks, the named Plaintiffs and members of the Plaintiff class were routinely interrupted and required to performed work, again to the benefit of the employer, without pay for that time.

27.     Defendant has both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiffs, requiring work to be performed during their lunch break without pay for that time.

28.     This additional work performed to the benefit of the employer without pay is in violation of the requirements of the federal, state, county and municipal statutes herein relied upon.

29.     In some instances, that unpaid time should have been compensated at time and one-half the workers' regular hourly rate because if the unpaid time was properly treated as compensable, the named Plaintiffs and other members of the Plaintiff Class would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates.

30.     The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

31.     The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

32.     The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-32. Paragraphs 1 through 32 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 32 of this Count I.

33.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

34.     Defendant has, at all times relevant hereto, failed and refused to pay compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-34.    Paragraphs 1 through 34 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of Count II.

35.    Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

36.    Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)    Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)    such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-36.   Paragraphs 1 through 36 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of Count III.

37.   In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

38.   The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)   liquidated damages equal to the amount of all unpaid compensation;

(b)   Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)   such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-38.   Paragraphs 1 through 38 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 38 of this Count IV.

10

39.     As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

40.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

41.     Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM VIOLATION OF THE COOK COUNTY MINIMUM WAGE ORDINANCE

1- 41.   Paragraphs 1 through 41 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of this Count V.

42.     Plaintiffs were each an "employee" under the CCMWO § 44-12 of the Municipal Code of Cook County and were not exempt from the overtime provisions of the CCMWO §§ 44-15.

43.     Defendant was an "employer" as defined in the CCMWO § 44-12.

44.     Under § 44-15, for all weeks during which Plaintiffs, and members of the Plaintiff Class, worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of 40.

45.     Defendant's failure and refusal to pay wages for all hours worked in excess of 40 per week was a violation of the maximum hour provision of the CCMWO § 44-15.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid wages;

(c)     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-45.   Paragraphs 1 through 45 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 45 of this Count VI.

46.     Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

47.     Defendant was an "employer" as defined in the CMWO§ 1-24-10.

48.     Under § 1-24-040, for all weeks during which Plaintiffs and members of the Plaintiff Class worked more than forty (40) hours,  they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay for all such hours.

49.     Defendant's failure and refusal to pay overtime wages for hours worked in excess of 40 per week for all such hours over 40 was a violation of the maximum hour provisions of the CMWO § 1-24-040.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c).     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     Such other and further relief as this Court deems appropriate and just.


Respectfully submitted,

*Electronically Filed 08/06/2019*

/s/ John W. Billhorn

_____

John William Billhorn


BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.